**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 04-107-JBC**

**ABIGAIL T. WRIGHT,**                                                             **PLAINTIFF,**

**V.**                                    <u>**MEMORANDUM OPINION AND ORDER**</u>

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                               **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \* \*

The claimant, Abigail Wright, brought this action pursuant to 42 U.S.C. §

405(g) to obtain judicial review of an administrative decision of the Commissioner.

The court, having reviewed the record and being otherwise sufficiently advised, will

deny the claimant's motion for summary judgment (DE 17) and grant the

Commissioner's motion for summary judgment (DE 18).

**A.      Overview of the Process**

Judicial review of the ALJ's decision is limited to determining whether he

employed the proper legal standards. *Cutlip v. Sec'y of Health and Human Serv.*,

25 F.3d 284, 286 (6th Cir. 1994). "This court must affirm the Commissioner's

conclusions absent a determination that the Commissioner has failed to apply the

correct legal standards or has made findings of fact unsupported by substantial

evidence." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

"Substantial evidence" is "more than a scintilla of evidence, but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Id.* The court does not try the case *de novo* or

resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, if substantial evidence supports the Commissioner's decision, this court will defer to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595 quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is performing substantial gainful activity; at Step 2 the ALJ determines if one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can perform his past relevant work; and, finally, at Step 5—the step at which the burden of proof shifts to the Commissioner—the ALJ determines, once it is established that the claimant cannot perform his past relevant work, whether significant numbers of other jobs exist in the national economy which he can perform. *See Preslar v. Sec'y of Health & Human Serv.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

In the first step of the evaluation, the ALJ determined that the claimant had not engaged in any substantially gainful activity since the alleged onset of her medical conditions. At the second and third steps of the evaluation, the ALJ determined that the claimant suffered from "mildly severe obesity (66 inches and

2

303 pounds), chronic lower back pain secondary to degenerative disc disease, an adjustment disorder with anxiety, non-insulin dependent diabetes mellitus, hypertension, chronic obstructive pulmonary disease, status post gallbladder removal and endometriosis." These medical conditions were found to be "severe" within the meaning of the Regulations, 20 C.F.R. § 416.920(b). However, they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation 4. At step four, the ALJ determined that the claimant could not perform her past relevant work as a factory worker. However, the ALJ found that, with some significant exceptions, the claimant had the residual functional capacity ("RFC") to "perform the physical exertion and non-exertional requirements of work." Continuing to step 5, based on findings about the claimant's ability to perform a limited range of light work, the ALJ determined that a significant number of jobs exist in the national economy that she could perform. Therefore, the claimant was not entitled to Supplemental Security Income under the Social Security Act.

**C.    Analysis**

The claimant argues that the ALJ's findings are not supported by substantial evidence. Specifically, she argues that the ALJ improperly discounted the opinion of her clinical psychologist, Dr. Lester, and that the ALJ failed to consider the effect of her obesity on her RFC. For the reasons set forth below, the court finds these arguments unpersuasive.

3

1.      **Opinion of her clinical psychologist**

Normally, the medical opinions of a treating physician are entitled to great

weight. *Cohen v. Sec. of Dept. of Health and Human Serv.*, 964 F.2d 524, 528

(6th Cir. 1992). However, an ALJ is not bound by the treating physician's opinion if

that opinion is inconsistent with the other evidence in the record. *See id.* When

rejecting the opinion of the treating physician, the ALJ is required to articulate the

reasons for the rejection. *Shelman v. Kohler*, 821 F.2d 316, 321 (6th Cir. 1987).

In this case, the ALJ rejected Dr. Lester's report because it was inconsistent

with the other medical evidence in the record, and because it was based solely on

the claimant's subjective complaints. The ALJ also noted that the claimant was

responding well to medication. In making his decision, the ALJ relied on the report

of Dr. Sillers, a state agency reviewing psychologist. Dr. Sillers's report found that

the claimant was moderately limited in her capacity to carry out detailed

instructions, interact appropriately with the general public, and respond

appropriately to changes in work setting. However, she retained the ability to

understand, remember, and carry out simple tasks, adapt to routine changes, and

relate adequately in a task-oriented setting.

The ALJ's decision is consistent with the findings in Dr. Sillers's report and,

therefore, conforms to the evidence in this case. To the extent that there is

evidence contradicting the ALJ's decision, it is the role of the ALJ, rather than this

court, to weigh the evidence. *Bradley v. Sec'y. of Health & Human Serv.,* 862 F.2d

4

1224, 1228 (6th Cir. 1988).

**2.     Effect of Obesity**

According to the Social Security Regulations, obesity is a medically determinable impairment, and its effect must be considered when evaluating disability. Soc. Sec. Reg. 02-1p. Any functional limitations arising from obesity must be considered in the RFC. *Id.* In this case, the claimant argues that the ALJ failed to consider the effects of her obesity. Specifically, she argues that the ALJ did not carefully consider the effects of obesity in determining her RFC, and that the ALJ failed to consider her sleep apnea. In determining an RFC, the ALJ may rely on medical opinions of nonexamining physicians. *Loy v. Sec'y of Health and Human Serv.*, 901 F.2d 1306, 1308-09 (6th Cir. 1990).

Reviewing the ALJ's decision, the court notes that the ALJ spent considerable time considering the claimant's physical condition. The ALJ considered the claimant's complaints of pain in her back and legs, and also considered her complaints of shortness of breath. However, the ALJ found that these complaints were not credible. In deriving the plaintiff's RFC, the ALJ relied on medical opinions from nonexamining physicians and on evidence of her household and social activities. Additionally, the record shows that the ALJ considered the claimant's sleep apnea. However, because the claimant was responding to therapy, the apnea did not affect the RFC. The record shows that the ALJ considered evidence of the claimant's obesity. Accordingly,

5

**IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 17) is

**DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary

judgment (DE 18) is **GRANTED**.


Signed on September 21, 2005


*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY